May it please the court. I'm David Nakashima for the Discovery Bay and Admiral Thomas Appellant. As you may recall in the first Matsudo appeal, the district court improperly deferred to the city council's discretion under the reserve powers doctrine. That was reversed. Now 30 months later we're back in front of you. It's a different verse of the same song. The district court again deferred to the city council and ruled against my clients. Before you proceed let me just ask you a preliminary question. You're representing both groups of claims right? Yes your honor. From the Admiral Thomas and the Discovery Bay. Now as far and they can't they come up from different judgments from different district judges. Now as far as the issues that we have to deal with that concern, is it your position that there's nothing to distinguish these cases from each other? Is that right? I think there are some factual distinctions that I'll get into but the fundamental decision by both Judge Ezra and Judge Seabright I believe are very similar and we are appealing. As to the legal issue? Correct. All right so if we get to any point where you think it doesn't make a difference you'll call our attention to that. Yes your honor. All right Mr. Nakashima before you proceed can I understand something as well? Chapter 38 was incorporated by reference into your documentation was it not? Yes it was your honor. And as part of the documentation paragraphs 4.a and section 3 indicate that the agreement was expressly conditioned upon the city's successful acquisition of the property through the exercise of power of eminent domain and that the failure of the city to acquire the property through no fault of the buyer will render this contract null and void without further action by either the buyer of the city. And secondly in paragraph 3 the buyer further assumes the risk of all changes in zoning, land use, ordinances, rules, regulations, and adverse governmental actions of any kind that may affect the property or the buyer's intended use of the property. I know that your position is that there's kind of an implied covenant in here but before we get to that I want to understand in light of that language is it fair to say that the city and county of Honolulu did not guarantee to your clients that the property would be condemned? I agree your honor that there was no guarantee. And it was there is there any evidence in the closed but I don't think so but I don't think that's the U.S. trust case. The second point I would make your honor on that second provision. First of all I think they've characterized that the city has the assumption of risk but if you read that provision it's really post-closing assumption of risk relating to the lessee's use of the property. It had nothing to do with the foundational questions. Didn't the ordinance itself though call out these issues? Yes it did and that's the second point is there were certain administrative legislative steps have steps that have to be completed and we're not disputing that your honor but our point is under the U.S. trust case there does have to be a heightened scrutiny where you're involving a city contract and city legislation that essentially negated or initiated that contract. Do you agree do you agree that the city and county could not have constitutionally delegated to your clients collectively the power of eminent domain? Yes. Okay counsel I gather both Judge Seabright and Judge Ezra in their respective decisions applied U.S. trust and obviously you disagree with how they did it but they were purporting to apply U.S. trust. Purporting is the operative word here because what happened is particularly with Judge Seabright whose decision came out first he conflated all three prongs of the U.S. trust case in finding no impairment simply because the contracts contemplated the use of eminent domain and the legislative discretion. The problem with that is the court did not go on to do the analysis of whether there was a significant and legitimate public purpose served by the repeal ordinance and whether the impairment was both reasonable and necessary. Well you have to reach those I'll call them the later prongs of U.S. trust if the court correctly found that your clients didn't meet the first prong or your case did not meet the first prong. Isn't that the end of the case? Why does he have to go on and you know make a finding on the other two prongs? Well I think in this case the court was required to because let me give you the situation let's take it even stronger for the city that the contract said this contract is subject to the discretion of the city council in determining public purpose and let's assume the city council says there is no public purpose but that their motive and their basis was either malicious or it was unfounded they just made a conclusion that there was no public purpose. The court still has to go through the analysis to see whether that finding in a constitutional contract clause case whether that was reasonable whether it was necessary whether it was significant all those things that were set forth and the problem is facially here the district courts simply just said no impairment we don't have to go any further. I would also bring up another scenario because if you follow the district court's rulings all the court council will be doing in the future is embedding in each contract that it makes with any vendor or with any citizen they'll just put in subject to legislative discretion and then later if the city council or the administration decides you know we don't want to fulfill this contract we'll just in our worthwhile. If you follow the district court's ruling to a logical extreme that ends the inquiry and that ends any. Counsel I with respect aren't you overstating your case there I mean if you look at Southern California Gas versus City of Santa Ana our court made clear that if there was a guarantee that's a different matter because then the city and county would be as bound by the contract as any private party would but the reality is here you're if I understand your argument correctly you conceded that the city and county cannot in effect delegate away its police powers it cannot delegate away the concept of a declaring whether there is a public use here that's a legislative political power that they have in this case on the one extreme you've got the Southern California Gas case on the other extreme you've got the RUI cases you've got the Tahoe case and others where in other jurisdictions admittedly you have governmental entities that have made changes where there's no been no finding of bad faith and that's why I asked you that question before and the court has consistently said that those are police powers that they have the right to do those things and although there may be an indirect impact the reality is it the repeal of chapter 38 involved more than just your clients it involved a whole lot of people and if I understand your perspective anybody who was somewhere in the pipeline was just protected from the get-go am I misunderstanding you protected to a degree that they are afforded the constitutional right to have the district court analyze whether the impairment was significant or reasonable do you have any case law that suggests uh following up on judge sashimi's question any case law that suggests that once the court has made the initial determination uh of the of the three prongs and the sub prongs for that matter that it needs to go any further if it finds that the first prong is not satisfied in a government contract case there's a distinction between private contract um no because in every case we found the court continued with its analysis um to determine whether the government legislation was in fact reasonable and necessary if there is a case that says the first prong is all you have to do do you lose um in allied structural steel it said that in dicta that this is a preliminary step and you can stop there but if you look at the actual ruling in allied structural steel the court went on to address each one of the three prongs but it did state you can stop the problem here though is the district court did stop without and I hate to use the word getting their hands dirty and looking at what happened here and I'll give you another example in admiral thomas groups one and two the city council did find public purpose but in group three because of the repeal ordinance it did not and we have this anomalous situation where for I think it's mrs miss nakamura who was in group one there was a public purpose but for mr and mrs clothier that lived on the same floor in the same building at the same time but was in group three what the district court is saying is there's no public purpose for you and you know that type of what's the difference between somebody that buys a cash for clunkers car on day one and then the day after it expired they've got to buy our car and say yeah I want my cash what's the difference why can't congress do that why can't a city and county do that the city can but it has to justify why it's going to cut off the cash for clunkers it didn't give us space and say you know here's this here's this period of dates okay after that no there's due process there isn't there no there isn't because they did not follow the court the district court didn't do the evaluation was there a less onerous or less punitive way of cutting off the line was it reasonable if you look at the repeal ordinance itself and the finding of no public purpose it was a degree not kind it said the social and economic conditions were to a lesser extent than it was back in 1991 and I think both in Cayetano Southern California Gas and U.S. Trust where the change is in degree not kind that is not reasonable now so you're down to about two and a half minutes you can use your time or you can reserve whatever you'd like I am reserving five minutes for rebuttal um you're down to two and a half I'm sorry um so if you want to save rebuttal I think you better do it now I better do that thank you for allowing me thank you your honor very well you'll have some rebuttal may it please the court my name is Don Kitaoka with me today is Brad Saito and Kyle Chang we're the city and county of Honolulu so good morning and aloha as we say aloha the whole point of this case is whether in fact the first prong of the three-prong test of U.S. Trust has been met or not and both courts two courts independently in two independent cases found that there was no impairment and ruled as such this court has pointed out that chapter 38 and its corresponding rules were expressly explicitly incorporated into the contracts and therefore it's set for the process in which these lessees could obtain their leased fee interest and that process was a number of steps um and a number of requirements applicants must establish their qualifications they have to keep up their numbers there must be a public hearing department of community services must make a determination of an effectuation of a public purpose and most importantly the adoption by the city council of a resolution providing for the acquisition of the lease fee interest through condemnation was in fact the final necessary step that needed to take place before these lessees could say that they had a so-called right to receive their in in in group three they didn't get such a resolution but the first two groups and i think it was in the admiral thomas leases if i'm correct they did get a resolution does the fact that the circuit court the hawaiian circuit court concluded that there weren't 25 people who qualified is that the that noir of the piece in this one as far as admiral thomas is concerned and this is where it becomes ironic because in admiral thomas the city was standing hand in hand with the lessees trying their best to get the condemnation proceeding it got dismissed they went through the appeal that got reversed it went back to court with the lessees to try to get uh their condemnation so the city in fact was trying to argue for these these i thought you agreed that they didn't have the 25 you're suggesting i'm agreeing that the court the state court found that they didn't have the 25 but what the city's in the state court that they didn't have 25 the city was always of the position that we were arguing that the the their numbers should have been kept up or that the numbers were up and and and therefore satisfied the qualification that my my point though is that you're not representing to the court are you that the city was there cheering for these folks and hoping that they would have 25 yes is that what the record shows the record shows that the city was representing the lessees and was arguing to the state court that in fact that they had adequate numbers but by the way isn't there still an appeal pending in that case i believe so your honor uh and what's the status now of the appeal the status of that appeal is there needs to be a decision of whether in fact the dismissal of the admiral thomas lessee case whether that's correct whether that was correct or not was correct now if that's reversed uh and the city's position being what it is you'll go ahead you can go ahead with the condemnation and the admiral thomas on behalf of groups one and two right as to group one and two that's absolutely correct but not group three not group three group three never got a resolution from the city council that well let me ask this uh if you go ahead you know if there's a state appellate reversal in that case if you go ahead with group one and two you know why not include group three because there was a what's the purpose of excluding group group three under those circumstances well for one thing i don't believe group three was ever given the opportunity to uh find a public purpose because the law was my question is this my question is this how can a city justify finding a public you know in the same condominium complex how can the city justify finding a public surface with respect to groups one and two but not group three they're in the same building the justification is that the city council or the present city council found that all of the reasons i don't know what they found but the question is how do you justify it justification is that at one point in time the city council found that there is no longer a public purpose to mandatory leasehold conversion the concept of mandatory leasehold conversion was cut off by the present city council well not even the present city council in 2005 because they no found they found that there were no longer the social ills that were associated associated with the necessity for the mandatory leasehold conversion law so there is a point in time when the city council found that there was no public purpose because there was no social ills to be corrected at that time and from that point on the light on leasehold conversion was turned off council um following up on judge shima's question help me figure this out if the state supreme court reverses what will the impact of that be so far as the city's condemnation uh plans are concerned the condemnation plans for groups one and two the city will continue to support those groups if in fact they're allowed to continue in the process that process has commenced that process was appealed it was reversed that process still goes on well does the city feel bound to exercise its right of eminent domain is that what you're telling us the city council for groups one and two has already found that those units were subject to a public purpose for mandatory leasehold conversion therefore the city will stick to that decision that a prior city council has made because there is a specific savings clause within the repeal clause that said that if in fact any unit already received a condemnation resolution that they in fact were grandfathered in so with respect to groups one and two of admiral thomas those units were clearly grandfathered in and the city will stick to that decision when was the decision made by the city to condemn the units for groups one and two early on what year roughly 1996 97 2000 i would say in the early 2000s early 2000s the reason i'm confused uh with that with the dates is because there there's several designations and and two amendments to the complaints in the admiral thomas case it commenced and then there were add-ons and then there were second add-ons but what i'm trying to look for is what is the date upon which the city actually exercised its power of eminent domain to condemn these units therefore one and two that is found in the sherman case which is in fact a supreme court decision i believe it was 2004 and the record will show that so in 2004 the city determined there was a public purpose to condemn these units for one and two but as to group three it the it uh it passed the repeal of chapter 38 in which case within what less than a year or about a year they they changed their mind well in effect while the dismissal of the state court case was on appeal that's when the repeal of chapter 38 happened so in fact that case had already gone to state court and had been dismissed and then appealed and at that time um the repeal happened so it helped me help me with this one particular factual point you tell me that the city committed to condemn in 2004 for one and two but then passed the repeal in what 2005 that's correct is there anything the record which would explain why the city made such a quick turnaround well there may have been new council members for one thing but the second thing is that there was a specific finding through testimony of the public and in the consideration of bill 53 for the repeal that the city council base its finding that there was no longer a public purpose to mandatory leasehold conversion mandatory leasehold conversion had been in effect for say 10 years uh in which hundreds and thousands of condominium units were mandatorily converted or converted through negotiations in light of this mandatory conversion law and so by the time that the year 2005 came about most of the units that were applying for condominium conversion in fact were either successful in doing it or negotiated a an acquisition i'd like to follow up on the questions of my colleagues in terms of the impact of this case in light of the ongoing circuit case if if the court of appeal in in hawaii reverses the lower circuit court decision and sends it and says there were 25 or more uh applicants uh ongoing what impact if any does this case have on that determination or would it go separately it would have no impact whatsoever on groups one and two okay and now let's reverse it let's assume for a moment that the court of appeal said no the hawaiian circuit court was correct there was never 25 there were never 25 people what impact if any does that have on this case this case would have no impact on that decision either because they would have tried to go through under the former chapter 38 and failed to maintain one of their requirements those those myriad of requirements that i set forth one of them was that you had to keep your numbers up and so therefore under the old law chapter 38 which is for groups one and two they would have failed to qualify for our for our purposes as we consider the constitutional arguments made by opposing counsel uh should we consider at all the ongoing circuit court litigation you should not consider the circuit court litigation as all in your deliberation doesn't move anything let me ask this question mr kitoka uh if i don't know who's hearing that the ica is supreme court spree is it before supreme court ica ica all right if the ica says uh uh affirms affirms the trial court decision right that you know there weren't enough uh there's an independent reason that groups one and two aren't eligible uh to have their uh uh leaseholds converted to fee interest right absolutely so doesn't that make the constitutional issue moot because they're not qualified anyway if i can uh articulate and i i i hesitate to do this articulate their argument it's basically that because they weren't able to put in the three extra units that uh that's why they weren't able to keep their numbers up and that's how they're linking together the um their present groups one and two and group three they're saying the failure to have group three added on group three would have kept their numbers up all right from your perspective this case is simply a backstop on the part of the plaintiffs who have thus far been unsuccessful in their litigation in the state court well it may be a backstop for them but it it is a principle for us at the city that in fact the repeal of chapter 38 was done in a proper manner was done with a savings clause that that designated a proper dividing line for grandfathering in cases and in fact had no impairment whatsoever on the on the present contracts because those contracts specifically contemplated the fact that the city council was going to exercise its discretion its discretion in making a determination of whether in fact there was a public purpose that supported the condemnation there was never an assumption or guarantee as this court put it that they would achieve that goal that goal was always subject to the reserved right of the city council to make that public purpose determination and only the city council could make that public purpose determination so it was expressed and it was in fact contemplated by the parties that the city council would have that decision-making power well what does the uh does the best efforts clause apply to the city's consideration of whether or not to exercise their admin domain powers the best efforts clause applies to the entire effort by the city to achieve condemnation conversion but it did not include the city's city council's discretion in determining whether there was a city council part of the city the city the legislative body of the city but the contract specifically reserved but the city and county of honolulu includes the legislative branch doesn't absolutely well then is it the legislative branch bounds exercises best efforts it's best efforts in making a good faith determination your honor but not a determination that would go against their public purpose finding of whether in fact condemnation was justified thank you very much counsel your time has expired mr uh nakashima you have some reserve time so just i think the best way to kind of crystallize this is to look at two inconsistencies the first is one that the court noted about admiral thomas judge o'scanlon the condemnation suit was filed in 203 for group one group two was found and added to that lawsuit in 204 the repeal ordinance was was first introduced in 204 and passed in january 205 so we're talking a very short period of time here but we do have this inconsistency where all of a sudden lessees in groups one and two can proceed and there is a public purpose and for group three there is not is it your position that as long as a group is part of the same condominium project that the city has no constitutional right to make any distinctions among lessees no it certainly does if the lessee does not have qualifications or own real other what's the difference between that and a timing issue well they say you've got to have a certain number you can't own real real property elsewhere and so on and you got to do it by this date and if you don't do it by this date you're out of luck what's the difference well because it was done prospectively where they decide my clients have already signed their contracts and proceeding group three and then they say you're cut off but they haven't finished complying though right let's just say for example that you've got a bunch of your clients that have signed up to somebody said if you haven't got this deal closed by this date it's all gone into bankruptcy and it's going to be sold to somebody else what's wrong with that there's nothing wrong with that your honor but under the u.s trust case if it's a government contract and it's a government that passes a law that impairs that contract you have to go through the analysis well let me ask you in this case people who might you know want to take advantage of this program were they given like some kind of prospective notice in other words if you want to be eligible for condemnation you have to you know get your stuff to the city you know by such and such a date because the city council is going to repeal this ordinance or anything like that there was no no no prospect there was no prospective notice it was just done right right i mean the ordinance was introduced and it was just you know this is what it is the second inconsistent i would ask you to note 5 which addresses this court's footnote 7 in the court's footnote 7 you say it wasn't clear whether the repeal was foreseen or incorporated in the contract but the city is still bound by the best efforts clause in response you look at judge seabright's decision footnote 5 he says oh it's not the no finding of public purpose in the repeal ordinance i'm relying upon it's the finding of public purpose for the specific condemnation actions so he tries to skirt around this court's footnote 7 in his footnote 5 but if you read the next go back up into the text he then says i find there is no public purpose under the repeal ordinance so i think it's a bit disingenuous to go between two different public purposes kind of the broad one for the repeal council you you have run out of time but i want to ask you the same question we asked uh mr kiddoka and that is do you agree that if the intermediate court of appeals affirms the circuit court then that's the end of that claim in the state court in the federal court mr kiddoka is correct our whole position is had group three enamel thomas been approved or given the same grandfathering that groups one and two we would have had sufficient numbers now we can't go back in state court and say but for you know the city's repeal ordinance but we still do have a constitutional claim of impairment because they made the arbitrary arbitrated arbitrary decision to cut it off and not allow group three which was similarly situated was that in order to achieve the numbers is that why you're making that argument correct because the circuit court found i think we only had 22 right out of 25 had we had group three in there as we were so that so then i'm i'm not sure i understand your position correctly it's about it's the city and county's position that what happens in our court is somewhat irrelevant to what happens in the state court and that this would not necessarily be mooted but on the other hand if the whole purpose of your litigation here is to get the numbers up because without the numbers everybody agrees you can't move forward uh then if the state court decides that the numbers aren't there why doesn't that moot out whatever we'd be doing i think that's what the city may argue my point well is that the fact no i respectfully disagree your honor because our constitutional claim putting aside the state court action let's assume it's been dismissed and affirmed but you with respect counsel here as i understand it now you're saying that your constitutional claim is that they didn't let you aggregate the numbers from the third group to the previous two groups in order to have 25 correct and yet that that is not the main thrust of the paperwork we have that the paperwork seems to be arguing about a quite different point which is that as to the first two groups certainly they didn't get through and because the city has the best efforts requirement they can't stop this procedure now they got to let it go forward and group three kind of is off to the side now it seems like group three and the numbers represented by group three go to the heart of your claim am i missing something and i think i applaud apologize your honor i don't think i've been very clear it is the heart of the claim on the constitutional claim in federal court regardless if the case is the state court action let's assume one hypothetical it's reversed groups one and two will go forward and you know go forward to do what they don't have the numbers it's the state court the appeal the state court appeal is that we did have the numbers because we believe the trial court erred and we would go forward with the condemnation action even though chapter 38 has been repealed it still comes within the grandfather on the city says that's true that's expired the case just argued will be submitted for decision and the court will adjourn thank you
judges: O'scannlain, Tashima, Smith M.